REQUEST FOR AN EVIDENTIARY HEARING
REQUEST FOR STAY OF PROCEEDINGS

FILED

AUG 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL 530 new

1  PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2  Name  ALLEN            DAVID              O.
            (Last)              (First)              (Initial)                    COALINGA

3  Prisoner Number ____CO-000683-3_____      K-39029    STATE
                                                                                        HOSPITAL
4
   Institutional Address  P.O. Box 5003-Unit#1, Coalinga, Ca 93210-5003
5

6  ===========================================================
                        UNITED STATES DISTRICT COURT
7                      NORTHERN DISTRICT OF CALIFORNIA          JSW

8  DAVID OLIVER ALLEN
   (Enter the full name of plaintiff in this action.)      CV  08      4080
9
                          vs.                          Case No. _____
10                                                     (To be provided by the clerk of court)
   PAM AHLIN, Executive Director
11                                                     PETITION FOR A WRIT
                                                       OF HABEAS CORPUS BY A
12                                                     PERSON IN STATE CUSTODY UNDER
                                                       28 U.S.C. §2241(c)(3)
13

14  (Enter the full name of respondent(s) or jailor in this action)

15
   ===========================================================
16                 Read Comments Carefully Before Filling In

17  When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located.  If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined.  Habeas L.R. 2254-3(b).

1   <u>Who to Name as Respondent</u>

2        You must name the person in whose actual custody you are. This usually means the Warden or

3   jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4   you are imprisoned or by whom you were convicted and sentenced. These are not proper

5   respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7   but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8   custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9   was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11      1. What sentence are you challenging in this petition?

12          (a)   Name and location of court that imposed sentence (for example; Alameda

13              County Superior Court, Oakland):

14            <u>Alameda County Superior Court</u>   <u>Oakland, California</u>

15            Court                 Location

16          (b)   Case number, if known _____ <u>155532</u>

17          (c)   Date and terms of sentence <u>Pre-Trial Civil Commitment</u>

18          (d)   Are you now in custody serving this term? (Custody means being in jail, on

19              parole or probation, etc.)     Yes <u>X</u>   No _____

20              Where?

21            Name of Institution: <u>Coalinga State Hospital</u>
                        P.O. Box 5001

22            Address: <u>24511 West Jayne Avenue, Coalinga, Ca 93210</u>

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence. you should file a different petition for each sentence.)

26  <u>Pre-trial Civil Commitment Proceedings- Probable Cause Hearing, California</u>

27  <u>Welfare and Institutions Code Section §6602</u>

28

1        3. Did you have any of the following?

2             Arraignment:                            Yes _X_      No _____

3             Preliminary Hearing:                Yes _X_      No _____

4             Motion to Suppress:                 Yes _____    No _X_

5        4. How did you plead?

6             Guilty _N/A_   Not Guilty _N/A_  Nolo Contendere _N/A_

7             Any other plea (specify) _None_

8        5. If you went to trial, what kind of trial did you have?

9             Jury _N/A_   Judge alone _N/A_  Judge alone on a transcript _N/A_

10      6. Did you testify at your trial?              Yes _N/A_    No _N/A_

11      7. Did you have an attorney at the following proceedings:

12          (a)    Arraignment                   Yes _X_      No _____

13          (b)    Preliminary hearing          Yes _X_      No _____

14          (c)    Time of plea                 Yes _N/A_    No _N/A_

15          (d)    Trial                         Yes _N/A_    No _N/A_

16          (e)    Sentencing                 Yes _N/A_    No _N/A_

17          (f)    Appeal                     Yes _N/A_    No _N/A_

18          (g)    Other post-conviction proceeding   Yes _N/A_    No _N/A_

19      8. Did you appeal your conviction?           Yes _N/A_    No _N/A_

20          (a)    If you did, to what court(s) did you appeal?

21                  Court of Appeal              Yes _N/A_    No _N/A_

22                  Year: _N/A_       Result:_____ _N/A_

23                  Supreme Court of California      Yes _N/A_    No _N/A_

24                  Year: _N/A_      Result:_____ _N/A_

25                  Any other court             Yes _N/A_    No _N/A_

26                  Year: _N/A_      Result:_____ _N/A_

27

28          (b)    If you appealed, were the grounds the same as those that you are raising in this

| | | petition? | Yes N/A | No N/A |

(c) Was there an opinion?                    Yes N/A    No N/A

(d) Did you seek permission to file a late appeal under Rule 31(a)?

Yes N/A    No N/A

If you did, give the name of the court and the result:

N/A

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?                    Yes X    No_____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

    I.   Name of Court: ALAMEDA COUNTY SUPERIOR COURT

        Type of Proceeding: DEMURRER/MOTION TO DISMISS

        Grounds raised (Be brief but specific):

        a. AMENDMENTS TO WIC §6600 et. seq. VIOLATES DUE PROCESS

        b. AMENDMENTS TO WIC §6600 et. seq. VIOLATES EQUAL PROTECTION

        c._____

        d._____

        Result: _____ DENIED _____ Date of Result: June 29, 2007

    II.  Name of Court: COURT OF APPEAL, FIRST APPELLATE DISTRICT

        Type of Proceeding: PETITION FOR WRIT OF MANDATE

        Grounds raised (Be brief but specific):

1    a. THE TRIAL COURT ABUSED IT'S DISCRETION

2    b. THE TRIAL COURT FAILED TO PROVIDE FOR ADEQUATE RECORD
     FOR REVIEW

3    c. _____

4    d. _____

5    Result: _____ DENIED _____ Date of Result: September 6,
     2007

6    III.  Name of Court: California Supreme Court _____

7    Type of Proceeding: _PETITION FOR REVIEEW_____

8    Grounds raised (Be brief but specific):

9    a. THE TRIAL COURT ABUSED IT'S DISCRETION
           THE TRIAL COURT FAILED TO PROVIDE AN ADEQUATE RECORD
10   b. FOR REVIEW_____

11   c. _____

12   d. _____

13   Result: _____ DENIED _____ Date of Result: October 24,
     2007

14   IV.  Name of Court: ALAMEDA COUNTY SUPERIOR COURT_____

15   Type of Proceeding: _HABEAS PETITION_____

16   Grounds raised (Be brief but specific):

17   a. UNCONSTITUTIONALITY OF WIC §6600 AS AMENDED & APPLIED

18   b. INEFFECTIVE ASSISTANCE OF COUNSEL._____

19   c. LEGALLY INSUFFICIENT EVIDENCE_____

20   d. INVALIDITY OF SVP EVALUATIONS_____
     e. DENIAL OF NOTICE & HEARING
21   Result: _____ DENIED _____ Date of Result: February 14,
     2008

22   (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                          Yes _____    No_____

24   Name and location of court: _____

25   **B. GROUNDS FOR RELIEF**

26        State briefly every reason that you believe you are being confined unlawfully.  Give facts to

27   support each claim.  For example, what legal right or privilege were you denied?  What happened?

28   Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

Name of Court: ALAMEDA COUNTY SUPERIOR COURT

Type of Proceeding: HABEAS PETITION (AMENDED)

a. UNCONSTITUTIONALITY OF WIC §6600 AS AMENDED & APPLIED

b. INEFFCTIVE   ASSISTANCE OF COUNSEL

c. LEGALLY INSUFFICIENT EVIDENCE

d. INVALIDITY OF SVP EVALUATIONS
e. DENIAL OF NOTICE AND HEARING
Result: _____ DENIED _____ Date of Result: February 22, 2008

III.   Name of Court: COURT OF APPEALS, FIRST APPELLATE DISTRICT

Type of Proceeding: HABEAS PETITION

Grounds raised (Be brief but specific):

a. UNCONSTITUTIONALITY OF WIC §6600 AS AMENDED & APPLIED

b. INEFFECTIVE ASSISTANCE OF COUNSEL

c. LEGALLY INSUFFICIENT EVIDENCE

d. INVALIDITY OF SVP EVALUATIONS
e. DENIAL OF NOTICE AND HEARING
Result: _____ DENIED _____ Date of Result: March 13, 2008

IV.   Name of Court: CALIFORNIA SUPREME COURT

Type of Proceeding: HABEAS PETITION

Grounds raised (Be brief but specific):

a. UNCONSTITTIONALITY OF WIC §6600 AS AMENDED & APPLIED

b. INEFFECTIVE ASSISTANCE OF COUNSEL

c. LEGALLY INSUFFICIENT EVIDENCE

d. INVALIDITY OF SVP EVALUATIONS
e. DENIAL OF NOTICE AND HEARING
Result: _____ DENIED _____ Date of Result: June 11, 2008

(b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____   No _____

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened?

Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

Name of Court: ALAMEDA COUNTY SUPERIOR COURT

Type pf Proceeding: HABEAS PETITION

a. UNCONSTITUTIONALITY OF WIC §6600 AS AMENDED & APPLIED

b._____

c._____

d._____

Result: _____DENIED_____ Date of Result: April 16, 2008

III.   Name of Court: ALAMEDA COUNTY SUPERIOR COURT

Type of Proceeding: _HABEAS PETITION_____

Grounds raised (Be brief but specific):

a. UNCONSTITUTIONALITY OF WIC §6600 AS AMENDED & APPLIED

b. UNCONSTITUTIONALITY OF WIC §6601.3_____

c._____

d._____

Result: _____DENIED_____ Date of Result: May 13, 2008

IV.   Name of Court: COURT OF APPEAL FOR THE FIRST APPELLATE DISTRICT

Type of Proceeding: _HABEAS PETITION_____

Grounds raised (Be brief but specific):

a. UNCONSTITUTIONALITY OF WIC §6600 AS AMENDED & APPLIED

b. UNCONSTITUTIONALITY OF WIC §6601.3_____

c._____

d._____

Result: _____DENIED_____ Date of Result May 29, 2008

(b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

                              Yes _____   No_____

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS      - 5 -

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

III.    Name of Court: CALIFORNIA SUPREME COURT _____

Type of Proceeding: PETITION FOR REVIEW _____

Grounds raised (Be brief but specific):        .

a. UNCONSTITUTIONALITY OF WIC §6600 AS AMENDED & APPLIED

b. UNCONSTITUTIONALITY OF WIC §6601.3 _____

c._____

d._____

Result: _____ DENIED _____ Date of Result: July 9, 2008

IV.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No  X

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened?

Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**          Dept. No. 9

Date: February 14, 2008          Hon. LARRY GOODMAN, Judge          Fil R. Cruz, Dep.Clk.
                                                                    Not Reported, Reporter

IN RE: DAVID ALLEN                          Counsel appearing: No Appearance
                          Petitioner        for Petitioner

vs.                                         Counsel appearing:   No Appearance
                                            for Respondent

**PEOPLE OF THE STATE OF CALIFORNIA**

                          Respondent

Nature of Proceedings: PETITION FOR WRIT OF HABEAS CORPUS

                                            Case: 155532
                                            PFN : AWJ976
                                            CEN: 7238587

This court reviewed the petition for writ of habeas corpus ("Petition") filed on February 14, 2008 by David Allen ("Petitioner"), NOW HEREBY ORDERS:

Petition for writ of habeas corpus is denied. The petition fails to state a prima facie to entitle petitioner to habeas relief. Petitioner has not his burden of establishing that he has suffered a violation of his due process or equal protection rights. In addition petitioner has not met his burden of establishing he received ineffective assistance of counsel.

<u>CLERK'S CERTIFICATE OF MAILING (CCP 1013a)</u>

I certify that the following is true and correct: I am a Deputy Clerk employed by the Alameda County Superior Court. I am over the age of 18 years. My business address is 1225 Fallon Street, Oakland, California. I served this PETITION FOR WRIT OF HABEAS CORPUS, by placing a copy in an envelope addressed as shown below and then by sealing and placing it for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard court practices.

David Allen – CDC #-CO-000683-3
Coalinga State Hospital
P.O. Box 5003-Unit # 2
Coalinga, CA 93210-5003

Dated: February 20, 2008

Executive Officer/Clerk of the Court
By: _____
Fil R. Cruz, Deputy Clerk

(Rev. 5/3/07)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**          Dept. No. 9

Date: February 22, 2008          Hon. LARRY GOODMAN, Judge          Fil R. Cruz, Dep.Clk.
                                                                   Not Reported, Reporter

IN RE: DAVID ALLEN                              Counsel appearing: No Appearance
                    Petitioner                  for Petitioner

vs.                                             Counsel appearing:   No Appearance
                                                for Respondent

**PEOPLE OF THE STATE OF CALIFORNIA**

                    Respondent

Nature of Proceedings: AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Case: 155532

PFN : AWJ976

CEN: 7238587

The Court having reviewed the petitioner's Petition for Writ of Habeas Corpus filed on February 22, 2008 by **DAVID ALLEN**, ("Petitioner"), hereby orders the "Amended petition for writ of habeas corpus is denied.

The Petition fails to meet the burden of establishing a prima facie case to entitle petitioner to habeas relief. Further, the amended petition is an abuse of the writ process, "This court has never condoned abusive writ practice or repetitious collateral attacks on a final judgment. Entertaining the merits of successive petitions is inconsistent with our recognition that delayed and repetitious presentation of claims is an abuse of the writ," (In Re Clark (1993) 5 Cal 4th 750, 769). " Willingness by the court to entertain the merits of successive petitions seeking relief on the same set of facts undermines the finality of the judgment," (In Re Clark supra p.770)

CLERK'S CERTIFICATE OF MAILING (CCP 1013a)

I certify that the following is true and correct: I am a Deputy Clerk employed by the Alameda County Superior Court. I am over the age of 18 years. My business address is 1225 Fallon Street, Oakland, California. I served this AMENDED PETITION FOR WRIT OF HABEAS CORPUS, by placing a copy in an envelope addressed as shown below and then by sealing and placing it for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard court practices.

David Allen C0-000683-3
P.O. Box 5003-Unit #2
Coalinga, Ca 93210-5003
In Pro Per

Dated: February 27, 2008

Executive Officer/Clerk of the Court
By: _____
Fil R. Cruz, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**     Dept. No. 9

Date: April 16, 2008          Hon. LARRY GOODMAN, Judge          Fil R. Cruz, Dep.Clk.
                                                                Not Reported, Reporter

IN RE: DAVID OLIVER ALLEN                    Counsel appearing: No Appearance
                 Petitioner                  for Petitioner

vs.                                          Counsel appearing:    No Appearance
                                             for Respondent

**PEOPLE OF THE STATE OF CALIFORNIA**

                 Respondent

Nature of Proceedings:  ORDER DENYING PETITOIN FOR WRIT OF HABEAS CORPUS

                              Case:  155532
                              PFN:   AWJ976
                              CEN:  7238587

This court having reviewed the petition for writ of habeas corpus ("the Petition") filed on April 16, 2008, by DAVID
OLIVER ALLEN ("Petitioner"), NOW HEREBY ORDERS:

The Petition is DENIED as it is barred by the rule against repetitive successive petitions. (In re Miller (1941) 17 Cal.
2d 734, 735).

Please find enclosed a copy of Judge Goodman's Order Denying Petition for Writ of Habeas Corpus signed and
filed April 28, 2008.

CLERK'S CERTIFICATE OF MAILING (CCP 1013a)
I certify that the following is true and correct:  I am a Deputy Clerk employed by the Alameda County Superior
Court. I am over the age of 18 years. My business address is 1225 Fallon Street, Oakland, California. I served this,
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS by placing a copy in an envelope addressed as
shown below and then by sealing and placing it for collection, stamping or metering with prepaid postage, and
mailing on the date stated below, in the United States mail at Oakland, California, following standard court
practices.

David Allen CDC # C0-000683-3
P.O. Box 5003 – Unit #2
Coalinga, CA 93210-5003

Dated:   April 28, 2008
Clerk of the Superior Court

By: _____
Fil R. Cruz, Deputy Clerk

Enclosed: as stated above

(Rev. 5/3/07)

ENDORSED
FILED
ALAMEDA COUNTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA** APR 2 8 2008

CLERK OF THE SUPER,          RT

**COUNTY OF ALAMEDA**     By _____ FIL R. CRUZ

Deputy

|  |  |
|---|---|
| IN RE | No. 155532 |
| DAVID OLIVER ALLEN, | |
| on Habeas Corpus. | ORDER DENYING PETITION<br>FOR WRIT OF HABEAS CORPUS |

This court having reviewed the petition for writ of habeas corpus ("the Petition")
filed on April 16, 2008, by DAVID OLIVER ALLEN ("Petitioner"), NOW HEREBY
ORDERS:

The Petition is DENIED as it is barred by the rule against repetitive successive
petitions. (*In re Miller* (1941) 17 Cal. 2d 734, 735.)

The Petition asserts a single ground for relief: Welfare & Institution Code section
6600 is unconstitutional as applied to him because it violates due process, the prohibition
against cruel and unusual punishment, and the *ex post facto* clause. On February 14, and
22, 2008, Petitioner filed two separate petitions for a writ of habeas corpus in this court
asserting the same ground for relief as asserted in the Petition. This court denied those
petitions. In addition, it appears that Petitioner may have raised the same claim in his
petition for writ of habeas corpus filed in the Court of Appeal, First Appellate District,
Division Four, which was denied on March 13, 2008. Petitioner's attempt to relitigate
the same claims constitutes an abuse of the writ. (*In re Clark* (1993) 5 Cal.4th 750, 797.)

DATED: APR 2 8 2008

Larry J. Goodman

_____
HON. LARRY GOODMAN
JUDGE OF THE SUPERIOR COURT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**          Dept. No. 9

Date: May 13, 2008          Hon. LARRY GOODMAN, Judge          Fil R. Cruz, Dep.Clk.
                                                               Not Reported, Reporter

IN RE: DAVID ALLEN                          Counsel appearing: No Appearance
                    Petitioner              for Petitioner

vs.                                         Counsel appearing:   No Appearance
                                            for Respondent
**PEOPLE OF THE STATE OF CALIFORNIA**

                    Respondent

Nature of Proceedings: ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

                                            Case:  155532
                                            PFN:   AWJ976
                                            CEN:  7238587

The petition for a writ of habeas corpus filed by David Oliver Allen on May 6, 2008 is DENIED for abuse of the writ. (*In re Clark* (1993) 5 Cal.4th 750, 797.)

## CLERK'S CERTIFICATE OF MAILING (CCP 1013a)

I certify that the following is true and correct: I am a Deputy Clerk employed by the Alameda County Superior Court. I am over the age of 18 years. My business address is 1225 Fallon Street, Oakland, California. I served this, ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, by placing a copy in an envelope addressed as shown below and then by sealing and placing it for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard court practices.

David Allen – CDC # C0-000683-3
P.O. Box 5003-Unit#2
Coalinga, CA
93210-5003

Dated: May 13, 2008

Clerk of the Superior Court

By: _____
Fil R. Cruz, Deputy Clerk

(Rev. 5/3/07)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

DAVID OLIVER ALLEN,

Petitioner,

v.

THE SUPERIOR COURT OF ALAMEDA COUNTY,

Respondent;

THE PEOPLE OF THE STATE OF CALIFORNIA,

Real Party in Interest.

FILED
Court of Appeal First Appellate District

SEP 06 2007

Diana Herbert, Clerk
By_____Deputy Clerk

A118865

(Alameda County
Super. Ct. No. 155532)

BY THE COURT:

The request for a stay is denied.

The petition for writ of mandate is denied.

(Ruvolo, P.J., Reardon, J., and Rivera, J., joined in the decision.)

Date: _____          RUVOLO, P.J.          _____ P.J.



# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

In re DAVID OLIVER ALLEN,

on Habeas Corpus.

A120857

(Alameda County
Super. Ct. No. 142906)

BY THE COURT:

The request for a stay is denied.

The petition for writ of habeas corpus is denied.

Court of Appeal, First Appellate District

**FILED**

MAR 1 3 2008

Diana Herbert, Clerk

by _____ Deputy Clerk

(Ruvolo, P.J., Sepulveda, J., and Rivera, J., joined in the decision.)

MAR 1 3 2008

**Ruvolo, P.J.**

Date: _____ P.J.

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

In re DAVID OLIVER ALLEN,

on Habeas Corpus.

A121586

(Alameda County
Super. Ct. No. 155532)

Court of Appeal, First Apellate District
FILED

MAY 2 9 2008

Diana Herbert, Clerk

by _____ Deputy Clerk

BY THE COURT:

The petition for writ of habeas corpus is denied. The court will not consider
repeated applications for habeas corpus presenting claims previously rejected by the
court. (*In re Clark* (1993) 5 Cal.4th 750, 767.)

(Ruvolo, P.J., and Sepulveda, J., joined in the decision.)

Date: ___MAY 2 9 2008___     **Ruvolo, P.J.**     _____ P.J.

Court of Appeal, First Appellate District, Div. 4 - No. A118865
**S156445**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

DAVID ALLEN, Petitioner,

v.

SUPERIOR COURT COUNTY OF ALAMEDA, Respondent;

THE PEOPLE, Real Party in Interest.

The petition for review is denied.

SUPREME COURT
FILED

OCT 2 4 2007

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

S162158

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re DAVID OLIVER ALLEN on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Clark* (1993) 5 Cal.4th 750.)

SUPREME COURT
FILED

JUN 1 1 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice

Court of Appeal, First Appellate District, Div. 4 - No. A121586
**S164176**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re DAVID OLIVER ALLEN on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

JUL **9** - 2008

Frederick K. Ohlrich Clerk

_____
DEPUTY

**GEORGE**
_____
Chief Justice

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One:_____ (SEE ATTACHED)_____

6  _____

7  Supporting Facts:_____ (SEE ATTACHED)_____

8  _____

9  _____

10  _____

11  Claim Two:___ (SEE ATTACHED)_____

12  _____

13  Supporting Facts:_____ (SEE ATTACHED)_____

14  _____

15  _____

16  _____

17  Claim Three:_____ (SEE ATTACHED)_____

18  _____

19  Supporting Facts:____ (SEE ATTACHED)_____

20  _____

21  _____

22  _____

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS       - 6 -

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: _____ (SEE ATTACHED) _____

6  _____

7  Supporting Facts: _____ (SEE ATTACHED) _____

8  _____

9  _____

10 _____

11 Claim Two: _____ (SEE ATTACHED) _____

12 _____

13 Supporting Facts: _____ (SEE ATTACHED) _____

14 _____

15 _____

16 _____

17 Claim Three: _____ (SEE ATTACHED) _____

18 _____

19 Supporting Facts: _____ (SEE ATTACHED) _____

20 _____

21 _____

22 _____

23 If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 _____

26 _____

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS        - 6 -

David Allen CO-000683-3
P.O. Box 5003-Unit#1
Coalinga, Ca 93210-5003
In Pro. Per.
Tel:(559) 934-0892

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

DAVID OLIVER ALLEN

    Petitioner

                                     PETITION FOR WRIT OF HABEAS CORPUS

v.

PAM AHLIN, Executive Director

    Respondent

_____/

TO THE COURT AND PAM AHLIN, RESPONDENT:

## I.

## INTRODUCTION

1. Petitioner respectfully request an evidentiary hearing and a stay of the state court proceedings pending resolution of this habeas petition.

2. Petitioner David Oliver Allen, proceeding In Pro. Per., hereby petitions this Honorable Court by Original Petition for Writ of Habeas Corpus directed to the Superior Court of the State of California for the County of Alameda, commanding said court to vacate a finding of Probable Cause rendered against him on July 6, 2007, to the extent that said finding of Probable Cause restrains his liberty in violation of the laws, treaties and Constitution of the United States.

-1-

3. Petitioner maintains that he is unlawfully restrained and detained by Pam Ahlin, Exeuctive Director of Coalinga State Hospital, pursuant to finding of probable cause that petitioner meets the criteria as a sexual violent predator under California's Sexual Predator Punishment and Control Act of 2006. The finding must be vacated and the SVP petition dismissed, becuase the Sexual Predator Punishment and Control Act of 2006 as applied to petitioner is unconstitutional, the application of California Welfare and Institutions Code Section §6601.3 as applied to petitioner is unconstitutional, there was legally insufficient evidence that petitioner currently suffers from a diagnosible mental disorder, California's involuntary commitment procedures are invalid, the amendments to California's Welfare and Institutions Code Sections §6604, §6605 and §6608 are unconstitutional and petitioner was denied effective assistance of counsel at the probable cause hearing. Petitioner asserts that he is not a sexual violent predator and further asserts that he has exhausted his available state remedies.

## II.

### PARTIES

4. Petitioner David Oliver Allen is an individual and is currently a patient of the California department of Mental Health and is presently involuntarily detained at Coalinga State Hospital as a civil detainee. (See Detention Order attached hereto Exhibit A)

5. Pam Ahlin is the Executive Director of Coalinga State Hospital and is presently the legal custodian of petitioner.

## III.

### JURISDICTION AND VENUE

6. This court has subject-matter jurisdiction pursuant to Article 3 cl. 2 of the United States Constitution. The violations of law occured within the territorial jurisdiction of the United States District Court for the Northern District of California, therefore venue is proper pursuant to 28 U.S.C. §2241(c)(3).

-2-

**IV.**

**STATEMENT OF FACTS**

CALIFORNIA'S SEXUAL PREDATOR PUNISHMENT AND CONTROL
ACT OF 2006 IS UNCONSTITUTIONAL AS APPLIED TO
PETITIONER BECAUSE IT DISCRIMINATES AGAINST SIMILARILY
SITUATED PRISONERS AND TOLLS THE PAROLE PERIOD IN
VIOLATION OF DUE PROCESS, EQUAL PROTECTION AND EX POST
FACTO UNDER ARTICLE §1 SECTION §10(1) AND THE FOURTEENTH
AMENDMENT TO THE UNITED STATES CONSTITUTION

7. Petitioner suffers illegal detention and restraint, because of the enactment
of the Sexual Predator Punishment and Control Act of 2006. (SPPCA) Petitioner
respectfully challenges the constitutionality of the Act as applied to him.

8. On November 7, 2006, by statewide voter initative, the Sexual Predator
Punishment and Control Act was passed by the voters amending certain civil and criminal
statutes for the purpose of the punishment and control of sex offenders. (See Proposition
83, Sexual Predator Punishment and Control Act, also known as "Jessica's Law" attached
hereto as Exhibit B.)

9. On July 6, 2007, in a hearing before the Honorable Judge Joan Cartwright, made a
finding of Probable Cause was made that petitioner met the criteria for a sexual
violent predator. With respect to the Sexual Predator Punishment and Control Act, it is
unconstitutional as applied, because it subjects prisoners under California Welfare and
Institutions Code Section §6601(k) to a tolling of the parole term, whereas prisoners
subjected to other civil commitment statutes are not subjected to a tolling of their
parole term under California Penal Code Section §2962.

10. To go one step further, the tolling of the parole period deprives petitioner
of a vested right to discharge from parole within the two year eight months after his
release from prison. Petitioner further asserts that it discriminates between parolee's
sentenced under California's Determinate Sentencing and Indeterminate Sentencing Laws
who have qualifying criminal convictions and only subjects prisoners who have
indeterminate sentences before July 1, 1977 and /or current determinate sentences, but
not to indeterminate sentences after July 1, 1977 who have qualifying convictions that

-3-

are sexually violent offenses, therefore the Sexual Predator Punishment and Control Act

of 2006 is unconstitutional as applied to him and therefore he has been prejudice.

Petitioner request that the court take judicial notice of Exhibit B.. The retroactive

tolling of the parole term deprives petitioner of a vested right to discharge from

parole within two years eight months, therefore the Sexual Predator Punishment and

Control Act is enacted to the detriment of petitioner under California Welfare and

Institutions Code Section §6601(k) of Due Process, Equal Protection and Ex Post Facto.

II.

> **CALIFORNIA'S WELFARE AND INSTITUTIONS CODE SECTION §6601.3
> IS UNCONSTITUTIONAL AS APPLIED TO PETITIONER BECAUSE IT
> RETROACTIVELY MODIFIES THE DISCHARGE FROM CUSTODY WITHOUT
> NOTICE OR A HEARING IN VIOLATION OF DUE PROCESS, EQUAL
> PROTECTION AND EX POST FACTO UNDER ARTICLE §1 SECTION §10(1)
> AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

11. Petitioner suffers from illegal restraint and detention, because the

California Board of Parole Hearings failed to adhere to the constitutional requirement

of fair notice and a hearing depriving petitioner of his constitutional, fundumental

and statutory right to notice and a hearing before the placement of a 45 day hold

pursuant to California Welfare and Institutions Code Section §6601.3. Petitioner

respectfully challenges the constitutionality of the statute as applied to him.

12. On April 29, 2007, the Board of Parole Hearings, after the screening of

petitioner as a potential sexual violent predator, placed a 45 day hold pursuant to

California Welfare and Institutions Code Section §6601.3 that went into effect on

petitioner release date of May 5, 2007 for the purpose of an evaluation by SVP

evaluators from the California Department of Mental Health, which had already occured

on April 17, 2007 and April 24, 2007. (See Miscellanous Decisions, attached hereto as

Exhibit C )

13. With respect to the statute, petitioner is given no notice much less a

hearing on the change of his classification as a sexual violent predator. On April 18,

2007, the California Department of Corrections and Rehabiltation repealed California

Code of Regulations (CCR) Title 15 Div. 3 §2606(a), which provided a hearing for

-4-

prisoners being subjected to the Sexual Violent Predator Act of 1996 and prisoners being subjected to the Sexual Predator Punishment and Control Act of 2006 up to April 18, 2007. This regulation was repeaeled due to the substantial increase of prisoners eligible for sceening under the enactment of the Sexual Predator Punishment and Control Act of 2006.

14. To go one step further, it is unconstitutional as applied, because it subjects petitioner to a retroactive modification of his sentence by maintaining petitioner in prison beyond the agreed term of 13 years. Further, the retroactive application of the statute deprives petitioner of a vested right to be paroled after serving 80% of the sentence as per his plea agreement, therefore California's Welfare and Institutions Code Section §6601.3 as applied to petitioner is to his detriment and therefore he is prejudice by the application of the statute to him. (See Reporter's Transcript of Proceeding January 10, 1997, attached hereto as Exhibit D )

### III.

**CALIFORNIA'S INVOLUNTARY COMMITMENT PROCEDURES
ARE INVALID BECAUSE THEY HAVE NOT BEEN PROPERLY
PROMULGATED AS REGULATION AMOUNTING TO A
DELIBERATE FLOUTING OF THE LAW IN VIOLATION OF
THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION**

!%. Petitioner suffers from illegal restraint and detention because the California Department of Mental Health has failed to adhere to the constitutional requirement to lawfully adopt regulations depriving petitioner of his constitutional, fundumental and statutory rights in that the SVP evaluations used in the sceening of, and in the Probable Cause hearing were invalid.

16. On April 17, 2007 and April 24, 2007, while in prison, petitioner was interviewed by Dr. Michael M. Musacco, Ph. D and Craig Updegrove Ph. D who are SVP evaluators for the California Department of Mental Health. Petitioner asserts that California's involuntary commitment procedures are invalid, because they are not

-5-

promulgated as regulations under California's Adminstrative Procedures Act.

17. The Standardized Assessment Protocol is a rule and/or regulation within the meaning if the Adminisrtative Procedures Act. The California Department of Mental Health is required to lawfully adopt the Standardized Assessment Protocol pursuant to the Administrative Procedures Act prior to the protocol's implementation.

18. The protocol is an underground regulation which the law does not permit and amounts to a deliberate flouting of the law, therefore the SVP evaluations invalid and petitioner was prejudice. (See SVP petition and attachments attached hereto as Exhibit E); See Standardized Assessment Protocol, Clinical Evaluator's Handbook (2004) attached hereto as Exhibit F);(See OAL Determination No. 19 attached hereto as Exhibit G)

IV.

**THE AMENDMENTS TO CALIFORNIA'S WELFARE AND INSTITUTIONS CODE SECTIONS §6604, §6605 AND §6608 ARE UNCONSTITUTIONAL BECAUSE IT CHANGES THE TERM OF COMMITMENT FROM TWO YEARS TO AN INDETERMINATE TERM AND IMPOSES AN UNDUE BURDEN TO ACCESS TO THE COURT IN VIOLATION OF DUE PROCESS, EQUAL PROTECTION AND ACCESS TO THE COURTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

19. Petitioner asserts that he suffers from illegal restraint and detention, because of the enactment of the Sexual Predator Punishment and Control Act of 2006. (SPPCA) Petitioner respectfully challenges the constitutionality of the act.

20. On November 7, 2006, by statewide voter initative, the Sexual Predator Punishment and Control Act was passed by the voters amending certain civil and criminal statutes for the purpose of the punishment and control of sex offenders. (See Exhibit B)

21. With respect to the amendments, the unconstitutionaly delegate authority to the California Department of Mental Health to prevent the judicial branch from exercising it's discretion by requiring it's permission before it can make a ruling on a motion and it's merits for conditional release placing an undue burden on the accessibility to the courts by the making the the release standards more difficult, therfore these statutes should be declared unconstitutional under Due Process and Equal Potection.

-6-

V.

### THE SVP PETITION IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE OF A CURRENT MENTAL DISORDER IN VIOLATION OF DUE PROCESS AND EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

22. Petitioner asserts that he suffers from illegal restraint and detention, because the trial courtfailed to adhere to the constitutional requirement to make a finding of all of the essential elements of a civil commitment statute, depriving petitioner of his constitutional, fundumental and statutory rights in that no evidence exist that petitioner currently suffers from a mental disorder to make a finding of probable cause that petitioner is a potential sexual violent predator.

23. On July 6, 2007, a probable cause hearing was held before the court. Petitioner asserts that there was legally insufficient evidence to support a finding that petitioner currently suffers from a mental disorder.Under a Consent Judgement between the California Department of Mental Health and the United States Department of Justice the Department of Mental Health agreed to render a diagnosis of persons given an "NOS" diagnosis, which is an uncertain diagnosis within the timely manner of 60 days. (See Consent Judgement CV06-2667GPS, pp. 21-31, attached hereto as Exhibit ⒣)

24. On April 17, 2007 and April 24, 2007, petitioner was given the uncertain diagnosis of Paraphillia NOS by both SVP evaluators. The California Department of Mental Health has failed to make a diagnosis within 60 days and continues to the present day to uses the NOS diagnosis to jusify petitioner's confinement, therefore petitioner has been prejudice.

-7-

VI.

#### PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF DUE PROCESS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

25. Petitioner suffers from illegal restraint and detention, becuase Deputy Public Defender Clif Taylor failed to adhere to the constitutional requirement to render effective assistance of counsel, depriving petitioner of his constitutional, fundumental and statutory rights in that he failed to subject the prosecution's case to adversarial testing.

26. On July 6, 2007, petitioner was subjected to a probable cause hearing in Department #7 of the Alameda County Superior Court before the Honorable Judge Joan Carwright. Petitioner asserts that his attorney Clif Taylor was ineffective because he: 1) failed to challenge the validity of California's involuntary commitment procedures, 2) failed to challenge the legal errors of the SVP evaluations as to the mental disorder 3) failed to seek dismissal of the SVP petition based on the ground of legally insufficient evidence.

27. Attorney Clif Taylor did not seek to call and cross-examine Dr.'s Michael M. Musacco Ph. D or Craig Updegrove Ph. D who interviewed petitioner or any other witnesses who have relevant evidence that petitioner was not a sexual violent predator. As to the sufficiency of the evidence of a diagnosible mental disorder used by the Board of Parole Hearings to place a 45 day hold and the validity of the Standardized Assessment Protocol used by the SVP evaluators.

28. Attorney Clif Taylor knew or should have known that the SVP evaluations were invalid, because they have not been properly promulgated as regulations, that under a Consent Judgement between the California Department of Mental Health and the United States Department of Justice requires that the uncertain diagnosis of "NOS" must be timely addressed within 60 days in which at that time a diagnosis must be made, becuase this is what is mandated under the involuntary commitment procedures.

29. The SVP evaluators had sufficient amount of time to make a diagnosis in compliance with the Consent Judgement, as a result of not rendering a diagnosis within 60 days, there was legally insufficient evidence that petitioner currently suffers from a diagnosible mental disorder to support the SVP petition, therefoere the SVP evaluations contained legal errors, in which he failed to conduct an adequate investigation of the law and the facts, therefore Attorney Clif Taylor's performance was deficient.

30. A reasonably competent attorney would have been alert to the fact that the SVP evaluations were invalid, because the Standardized Assessment Protocol had not been lawfully adopted as regulation. Also, he would have been alert to the fact that the California Department of Mental Health had entered into a Consent Judgement with the United States Department of Justice and the United States Attorney General on May 2, 2006, requiring the timely diagnosis of all uncertain diagnosis within 60 days. Also, he would have been alert to the fact that becuase there has not been a diagnosis of a current mental disorder as mandated by the involuntary commitment procedures, there is legal error in the SVP evaluations and therefore legally insufficient evidence to support the SVP petition and to seek dismissal of the petition on this ground.

31. The invalidity of the SVP evaluations, the lack of a current diagnosible mental disorder, the legally insufficient evidence, the procedures to secure a 45 day hold as well as attorney Clif Taylor's failure to discover these relevant and reversible errors, should have motivated attorney Clif Taylor to engage in a adequate investigation into the validity of the involuntary commitment procedures as well as ther procedures used by the California Board of Parole Hearings to place a 45 day hold, in which he would have discovered that  the California Department of Mental Health had 60 days to render a diagnosis and could not continue to use an uncertain diagnosis to confine petitioner, That the Standardized Assessment Protocol is unlawful, becuase it has not yet been adopted as regulations and the California Board of Parole

-9-

Hearings failure to give petitioner notice or provide a hearing on the change of his classification as a sexual violent predator before imposing a 45 day hold or to seek a dismissal of the SVP petition on any of those meritorious grounds.

32. Had attorney Clif Taylor conducted an adequate investgation of the involuntary commitment procedures, the facts of the case and the regulations, he would have discovered the relevant facts that: 1) The SVP evaluations are invalid, becuase they had not been properly promulgated as regulations, 2) That petitioner had not been given notice or a hearing by the California Board of Parole Hearing on the change of his classification as a sexual violent predator before imposing a 45 day hold, 3) That in the Consent Judgement (Exhibit G) the California Department of Mental Health is required to deal with all uncertain diagnosis within 60 days and, 4) Because the uncertain diagnosis is being used beyond the 60 days, no legally sufficient evidence to support the SVP petition, therefore placing legal errors in the SVP proceedings.

33. Petitioner was denied the thoughtful assistance of counsel as secured through the Sixth and Fourteenth Amdndment to the United States Constitutions, therefore petitioner was actual and constructively denied counsel at the time of a critical stage of the proceedings.

34. Attorney Clif Taylor knew or should have known that further investigations were necessary. A reasonably competent attorney would have not ignored this line of inquiry. No plausable or tactical reason can justify the actions as attorney Clif Taylor could have asserted a dismissal of the SVP petition on the ground of insufficient evidence of a current diagnosible mental disorder since the uncertain diagnosis was continued to be used or the challenge the legal errors as petitioner requested by the cross-examination of the SVP evaluators and the lack of notice or a hearing in regards to the imposition of the 45 day hold.

35. The particular oneous burden of a detention cannot be justified by incompetent counsel, who turns a blind eye to obvious legal errors an abandons his client. Attorney Clif Taylor failed to adequate investigate the law and facts in the manner of a diligent

-10-

COUNTY )
)
OF )          DECLARATION OF DAVID O. ALLEN
)
FRESNO )

I, David Oliver Allen, declare the following:

On June 13, 2007, I spoke with my attorney Clif Taylor to discuss the case. Mr. Taylor explained to me that the court conducts a paper review of the Petition to Commit. I explained to him that I did not receive a copy of the petition and that I wished to challenge the accuracy of the SVP evaluations, he informed me that it would be a waste of time, becuase all the evaluators would do is lie as they have already done.

On June 29, 2007, I again informed my attorney clif Taylor that I wished to challenge the SVP evaluations and again he refused. In July 3, 2007, I met with Mr Taylor at the Santa Rita Jail, in which again I informed him that I wished to challenge the accuracy of the SVP evaluations be cross-examining the evaluators. He then informed me that he would conduct an investigation of the SVP evaluations for any legal errors. On July 6, 2007, at the time of the probable cause hearing, I again informed Mr. Taylor that I wished to challenge the accuracy of the SVP evaluations, when asked by Judge Joan S. Cartwright if he had any witnessess, he informed the court that he did not.

Had I known or been independently aware of the fact that the SVP evaluations were invalid, that the California Deparment of Mental Health per a Consent Judgement had 60 days to diagnos me with a current mental disorder as mandate by law and that legally insufficient evidence existed that I was currently suffering from a mental disorder, that Welfare and Institutions Code Section §6601.3 is unconstitutional as applied to me depriving me of notice and a hearing of the change in my classification as a sexual violent predator and that Welfare and Institutions Code Section 6601(k) is unconstitutional as applied to me, I would have raised a timely objection to the proceedings.

I declare under the penalty of perjury that the foregoing is true and correct

Executed this 21st day of August, 2008, in the City of Coalinga, California

Respectfully Submitted,

David Allen CO-000683-3
P.O. Box 5003-Unit#1
Coalinga, Ca 93210-5003

and conscientious advocate in behalf of petitioner. Petitioner was denied an adequate

presentation of mertorious defenses and amounts to an actaul and constructive denial

of counsel and a probable cause hearing on the merits, therefore petitioner was

prejudice. The foregoing allegations are amplfied in the declaration attached hereto.

## V.

### CONTENTIONS

#### A.

THE FINDING OF PROBABLE CAUSE MUST BE VACATED AND THE SVP PETITION DISMISSED BECUASE THE SEXUAL PREDATOR PUNISHMENT AND CONTROL ACT OF 2006 IS UNCONSTITUTIONAL AS APPLIED TO PETITIONER.

#### B.

THE FINDING OF PROBABLE CAUSE MUST BE VACATED AND THE SVP PETITION DISMISSED BECUASE CALIFORNIA'S WELFARE AND INSTITUTIONS CODE SECTION §6601.3 IS UNCONSTITUTIONAL AS APPLIED TO PETITIONER.

#### C.

THE FINDING OF PROBABLE CAUSE MUST BE VACATED AND THE SVP PETITION DISMISSED BECUASE CALIFORNIA'S INVOLUNTARY COMMITMENT PROCEEDURES ARE INVALID AND AMOUNT TO A DELIBERATE FLOUTING OF THE LAW.

#### D.

THE AMENDMENTS TO CALIFORNIA'S WELFARE AND INSTITUTIONS CODE SECTIONS §6604, §6605 AND §6608 ARE UNCONSTITUTIONAL.

#### E.

THE FINDING OF PROBABLE CAUSE MUST BE VACATED AND THE SVP PETITION DISMISSED BECUASE OF LEGALLY INSUFFICIENT EVIDENCE OF A DIAGNOSIBLE MENTAL DISORDER.

#### F.

THE FINDING OF PROBABLE CAUSE MUST BE VACATED AND THE SVP PETITION DISMISSED BECUASE PETITIONER WAS ACTUAL AND CONSTRUCTIVELY DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

## VI.

### PRAYER

WHEREFORE, petitioner has no other plain or speedy remedy at law save a Petition for

Writ of Habeas Corpus, therefore petitioner respectfully prays for and request the

following relief:

-11-

1. That the Respondent be ordered to Show Cause.

2. That this Honorable Court issue a Writ of Habeas Corpus.

3. That this Honorable Court issue an Alternative Writ of Habeas Corpus.

4. That this Honorable Court Declare the Rights of the Parties.

5. That this Honorable Court order the immediate release of petitioner from the custody of Respondent.

6. That this Honorable Court declare the Sexual Predator Punishment and Control Act of 2006 unconstitutional as applied to petitioner.

7. That this Honorable Court declare California Welfare and Institutions Code Section §6601.3 unconstitutional as applied to petitioner.

8. That this Honorable Court issue a Stay of the state court proceedings in Case Number 155532 scheduled for September 13, 2008, in Department #7 of the Alameda County Superior Court.

9. That this Honorable Court grant petitioner an Evidentiary Hearing.

10. That this Honorable Court order all court records as well as all records maintained

by any state and/or federal agencies in regards to this matter be striken and expunged.

11. That this Honorable Court grant any further and necessary relief deemed just and equitable.

**DATED:** August 21, 2008

Respecfully Submitted,

David Allen CO-000683-3
P.O. Box 5003-Unit#1
Coalinga, Ca 93210-5003
In Pro. Per.
Tel: (559) 934-0892

1         List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4        (SEE ATTACHED)

5

6

7    Do you have an attorney for this petition?                Yes_____     No_X___

8    If you do, give the name and address of your attorney:

9

10         WHEREFORE, petitioner prays that the Court grant petitioner relief to which she may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on _August 21, 2008_____       DAVID ALLEN

14              Date                    Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

1. Addington v. Texas (1979) 441 U.S. 418
2. Allen v. Illinois (1986) 478 U.S. 364
3. Beazell v. Ohio (1925) 269 U.S. 167
4. Brecht v. Abrahamson (1993) 507 U.S. 619
5. Broadrick v. Oklahoma (1973) 413 U.S. 601
6. Calder v. Bull (1798) 3 Dall 386
7. Califano v. Westcott (1979) 443 U.S. 76
8. Carmel v. Texas (2000) 529 U.S. 513
9. Collins v. Youngblood (1990) 497 U.S. 37
10. Department of Agriculture v. Moreno (1973) 413 U.S 528
11. Dodge v. Board of Education of the City of Chicago (1937) 302 U.S. 74
12. Erie R.R. Co v. Tompkins (1938) 304 U.S. 64
13. FCC v. Beach Communications, Inc. (1993) 504 U.S. 309
14. Flemming v. Nestor (1960) 363 U.S. 603
15. Foucha v. louisiana (1992) 504 U.S. 71
16. Frew ex rel. v. Hawkins (2004) 540 U.S. 431
17. Gardner v. Jones (2000) 529 U.S. 244
18. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex (1979) 442 U.S. 1
19. Hamdi v. Rumsfeld (2004) 542 U.S. 507
20. Heckler v. Mathews (1984) 465 U.S. 728
21. Heller v. Doe by Doe (1993) 509 U.S. 312
22. hudson v. United States (1997) 522 U.S. 93
23. Huffman v. Pursue LTD (1975) 420 U.S. 592
24. Huffman Estates v. Flipside Huffman Estates, Inc. 91982) 455 U.S. 489
25. Ingraham v. Wright (1977) 430 U.S. 651
26. INS v. St. Cyr (2001) 533 U.S. 289
27. Jackson v. Virginia (1979) 443 U.S. 308
28. Johnson v. Frankell (1997) 520 U.S. 911
29. Kansas v. Crane (2000) 534 U.S. 407
30. Kansas v. Hendricks (1997) 521 U.S. 346
31. Lindsey v. Washington (1936) 301 U.S. 346
32. Local Number 93 International Association of Firefighters, AFL-CIO, C.L.C. v. City of Cleveland (1986) 478 U.S. 501
33. Lynce v. Mathis (1997) 519 U.S. 433
34. Mathews v. Eldridge (1976) 424 U.S. 319
35. McNeil v. Director, Patuxent Institution (1972) 407 U.S. 245
36. Meachum v. Fano (1976) 427 U.S. 215
37. Miller v. Florida (1987) 482 U.S. 423
38. Minnesota v. Clover Leaf Creamery Co. (1981) 449 U.S. 715
39. NAACP v. Buttons (1963) 373 U.S. 415
40. Nebraska Press Association v. Stuart (1975) 423 U.S. 1327
41. New York v. Ferber (1982) 458 U.S. 747
42. New York Trust v. Eisner (1921) 256 U.S. 345
43. Nordlinger v. Hahn (1992) 505 U.S. 1
44. O'Conner v. Donaldson (1975) 422 U.S. 563
45. Planned Parenthood v. Casey (1992) 5050 U.S. 883
46. Plyer v. Doe (1982) 457 U.S. 202
47. Robb v. Connolly (1884) 111 U.S. 624
48. Romer v. Evans (1996) 517 U.S. 620
49. Scott v. Kentucy Parole Board (1976) 429 U.S. 60
50. Shaffer v. Heitner (1977) 433 U.S. 186
51. Skinner v. Oklahoma (1942) 316 U.S. 535
52. Sperry v. Florida (1963) 373 U.S. 379
53. Smith v. Doe (2003) 538 U.S. 84
54. Smith v. Robbins (2000) 528 U.S. 259
55. Strickland v. Washington (1984) 466 U.S. 668
56. Super Tire Engineering Co. v. McCorkle (1974) 416 U.S. 115
57. United States v. Carolene Products Co. (1938) 304 U.S. 144

58. United States v. One Assortment of 89 Firearms (1984) 465 U.S. 354
59. United States v. Ursery (1996) 518 U.S. 267
60. United States v. Ward (1980) 448 U.S. 242
61. Vitek v. Jones (1980) 445 U.S. 480
62. Warden, Lewisburg Penitentiary v. Marreno (1974) 417 U.S. 653
63. Weaver v. Graham (1981) 450 U.S. 24
64. White v. Regan (1945) 324 U.S. 760
65. Wolff v. McDonald (1974) 418 U.S. 520
66. Wood v. Lovett (1941) 313 U.S. 362
67. Yick Wo v. Hopkins (1886) 118 U.S. 356
68. Brown v. Palmateer 379 F.3d 1089 (9th Cir. 2004)
69. Mileham v. Simmons 588 F.2d 1279 (9th Cir. 1979)
70. Planned Parenthood of Idaho, Inc. v. Wasden 376 F.3d 1173 (9th Cir. 2004)
71. Safe Flight Instrument Corp. v. united Control Corp. 576 F.2d 1340 (9th Cir. 1978)
72. Tucson Women's Clinic v. Eden 371 F.3d 1173 (9th Cir. 2004)
73. Williams v. Roe 421 F.3d 883 (9th Cir. 2005)
74. Sony Computer Entertainment America, Inc. v. Filipiak 406 F. Supp. 2d 1068 (N.D. Cal 2005)
75. Cooley v. Superior Court (2002) 29 Cal 4th 229
76. Harlow v. Carleson (1976) 16 Cal 3d 731
77. People v. Hofsheier (2006) 37 Cal 4th 1185
78. In re Parker (1998) 60 Cal App. 4th 1153

## PROOF OF SERVICE BY MAIL

I, _____DAVID ALLEN_____, declare:

I am, and was at the time of the service hereinafter mentioned, over the age of 18 years and      a party to the above-entitled cause. My (residence or business) address is

P.O. Box 5003-Unit#1, Coalinga, Ca 93210-5003

_____,

and I am a resident of, or employed in, ____FRESNO_____ County, California.

On the date of August 21, 2008 _____ I served the PETITION FOR WRIT OF

HABEAS CORPUS, NOTICE AND INDEX OF EXHIBITS TO BE LODGED IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS.

(exact title of document(s) served)

by depositing a copy of the document(s) in the United States mail at

(location) Coalinga State Hospital , (city)_____Coalinga_____,

_____FRESNO_____ County, California in a sealed envelope, with postage fully prepaid, addressed as follows: (In the space below insert the name and mailing address of each person you are serving with these documents. If the person is a party to the action or an attorney for a party, indicate that with the address).
Office of the Clerk
United States District Court
Northern District of California
450 Golden Gate Avenue
P.O. Box 36060
San Francisco, Ca 94102-9680

At the time of mailing there was regular delivery of United States mail between the place of deposit and the place of address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 21), 2008

_____
(Signature of person mailing)
DAVID ALLEN
_____
(Name of person mailing, typed or printed)



David Allen K-39029
P.O. Box 5003 - Unit #1
93210-5003

RECEIVED

AUG 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

INSPECTED BY

AUG 2 5 2008

U.S. MARSHALS SERVICE

Legal Mail

CONFIDENTIAL LEGAL MATERIAL

$8.65

OFFICE OF THE Clerk
United States District Court
Northern District of California
450 Golden Gate Avenue
P.O. Box 36060
San Francisco, CA 94102-9680

RECEIVED

AUG 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA